UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
JACKSON DIVISION

GEOMARION BRADLEY                                                                     PLAINTIFF

V.                                            CIVIL ACTION NO. 3:07-CV-00258-DPJ-JCS

VIRGINIA COLLEGE OF JACKSON, ET AL.                                      DEFENDANTS

**consolidated with**

SANDRA FRIEND                                                                              PLAINTIFF

V.                                            CIVIL ACTION NO. 3:07-CV-00259-DPJ-JCS

VIRGINIA COLLEGE OF JACKSON, ET AL.                                      DEFENDANTS

**consolidated with**

WILLIE KEYES                                                                                 PLAINTIFF

V.                                            CIVIL ACTION NO. 3:07-CV-00260-DPJ-JCS

VIRGINIA COLLEGE OF JACKSON, ET AL.                                      DEFENDANTS

**consolidated with**

STEPHANIE HOLMES                                                                     PLAINTIFF

V.                                            CIVIL ACTION NO. 3:07-CV-00261-DPJ-JCS

VIRGINIA COLLEGE OF JACKSON, ET AL.                                      DEFENDANTS

**consolidated with**

PERSEPHINEY HOPKINS                                                                PLAINTIFF

V.                                            CIVIL ACTION NO. 3:07-CV-00262-DPJ-JCS

VIRGINIA COLLEGE OF JACKSON, ET AL.                                      DEFENDANTS

**consolidated with**

| | |
|---|---|
| MARY JAMES | PLAINTIFF |
| V. | CIVIL ACTION NO. 3:07-CV-00263-DPJ-JCS |
| VIRGINIA COLLEGE OF JACKSON, ET AL. | DEFENDANTS |

**consolidated with**

| | |
|---|---|
| DARLANDA ROBINSON | PLAINTIFF |
| V. | CIVIL ACTION NO. 3:07-CV-00264-DPJ-JCS |
| VIRGINIA COLLEGE OF JACKSON, ET AL. | DEFENDANTS |

**consolidated with**

| | |
|---|---|
| LAMONICA WALKER | PLAINTIFF |
| V. | CIVIL NUMBER: 3:07-CV-00265-DPJ-JCS |
| VIRGINIA COLLEGE OF JACKSON, ET AL. | DEFENDANTS |

**consolidated with**

| | |
|---|---|
| ANGELA WIGGINS | PLAINTIFF |
| V. | CIVIL NUMBER: 3:07-CV-00266-DPJ-JCS |
| VIRGINIA COLLEGE OF JACKSON, ET AL. | DEFENDANTS |

ORDER

This consolidated action is before the Court on Plaintiffs' motions, and amended motions, to remand. Defendants have responded in opposition. The Court, having considered the memoranda and submissions of the parties, along with the pertinent authorities, finds that Plaintiffs' motions to remand should be granted.

I.      Facts and Procedural Background

Plaintiffs initially filed nine separate actions against Defendants in the Circuit Court of Hinds County, alleging that Defendants failed to teach them the minimum level of skill and knowledge necessary to pass the state-mandated certification test for massage therapy. In their Complaints, Plaintiffs state seven causes of action: 1) breach of contract; 2) educational malpractice and educational negligence; 3) fraud; 4) conversion; 5) breach of the duty of good faith and fair dealing; 6) negligence; and 7) negligent hiring and negligent retention. Defendants removed the case to this Court on grounds of diversity jurisdiction, stating that Defendants Beverley Jeffries and "Virginia College of Jackson" were improperly joined to defeat diversity jurisdiction. Plaintiffs contend otherwise and have moved to remand the cases to state court.

II.     Analysis

   A.    Improper Joinder Standard

"The burden of demonstrating improper joinder is a heavy one and is placed on the party seeking removal." *Lorenz v. Tex. Workforce Comm'n*, 211 Fed. App'x. 242, 245 (5th Cir. Oct. 30, 2006) (citing *McDonal v. Abbott Labs.*, 408 F. 3d 177, 183 (5th Cir. 2005)). In evaluating a claim of improper joinder, "the appropriate test is whether there is any reasonable basis for predicting that the plaintiffs might be able to recover against . . . the in-state defendant." *Love v. Ford Motor Co.*, No. 06-60475, 2006 WL 3826991, at *1 (5th Cir. Dec. 28, 2006) (citing *Travis v. Irby*, 326 F.3d 644, 646-47 (5th Cir. 2003)); *see also Smallwood v. Ill. Cent. R.R. Co.*, 385 F.3d 568, 573 (5th Cir. 2004) (en banc). The Court must resolve "all disputed questions of fact and all ambiguities in the controlling state law . . . in favor of the non-removing party." *Delgado v. Shell Oil Co.*, 231 F.3d 165, 181 (5th Cir. 2000) (holding that fraudulent joinder was not

proven in light of various unresolved issues of Texas law); *Carriere v. Sears, Roebuck and Co.*, 893 F.2d 98, 100-101 (5th Cir. 1990) (citing *B., Inc. v. Miller Brewing Co.*, 663 F.2d 545, 551 (5th Cir. 1981)).  "In considering whether the plaintiff may recover, [the Court] need not determine whether the plaintiff will actually, or even probably, prevail on the merits, but look only for a possibility that he may do so."  *Lorenz*, 211 Fed. App'x. at 246 (citing *Guillory v. PPG Indus., Inc.*, 434 F.3d 303, 308-09 (5th Cir. 2005)).  "Since the purpose of the improper joinder inquiry is to determine whether or not the in-state defendant was properly joined, the focus of the inquiry must be on the joinder, not the merits of the plaintiff's case."  *Smallwood*, 385 F.3d at 573.

In most cases, there is no improper joinder if a plaintiff can survive a Rule 12(b)(6) challenge.  *Id.*  However, the Court may, in its discretion, "'pierce the pleadings and conduct a summary inquiry' to determine whether a plaintiff has 'misstated or omitted discrete facts that would determine the propriety of joinder.'"  *Love*, 2006 WL 3826991, at *2 (quoting *Smallwood*, 385 F.3d at 573).

   B. Joinder of Defendant Jeffries

Defendant Beverley Jeffries is an employee of Defendant Virginia College, LLC and has served as Director of the Allied Health Department Program, Vice President, and Dean.  In their motion to remand, Plaintiffs insist that they have stated valid state law claims against Jeffries, who is a Mississippi resident, thereby defeating diversity jurisdiction.  In their response, Defendants submit:

> The "Facts Giving rise to Causes of Action" portion of the Complaint asserts one central allegation: the Plaintiffs did not receive the necessary education to prepare them to pass the National Certification Exam for Therapeutic Massage and

>   Bodywork. . . . However, the law does not recognize such claims as cognizable causes of action.
>
>   The Mississippi Supreme Court has never considered whether a student may sue an institution of learning or its employees for providing inadequate education. While the Mississippi Supreme Court has never considered such claims, many other court have had the opportunity to analyze this issue. . . .
>
>   Applying the vast body of case law that rejects claims of educational malpractice in whatever form they might take to the Plaintiffs' Complaint, it is obvious that the Plaintiffs will not be able to establish a claim against the Defendants in this matter that would be recognized by the Mississippi Supreme Court. The Plaintiffs' Complaints attack the sufficiency of the education they received while enrolled in the therapeutic massage program at Virginia College. Such causes of action have been rejected by *almost all* courts that have considered such claims. Faced with the policy considerations articulated by other courts, Virginia College submits that the Mississippi Supreme Court would also reject such a cause of action. Therefore, this Court should also find that the Plaintiffs will not be able to establish such a cause of action *against any of the Defendants* in these cases.

(Emphasis added). In sum, Defendants lump Plaintiffs' claims under the educational malpractice theory and observe that the Mississippi Supreme Court has never considered such a claim. Accordingly, Defendants urge the Court to make an *Erie* guess that Mississippi would not recognize a claim for educational malpractice as to any of the Defendants in this action. Defendants' position fails for two reasons.

First, the *Smallwood* en banc opinion holds that a defendant may not premise an improper joinder argument on a defense that is dispositive as to all defendants–diverse and non-diverse alike.

>   [T]he burden on the removing party is to prove that the joinder of the in-state parties was improper-that is, to show that sham defendants were added to defeat jurisdiction. A showing that the plaintiff's case is barred as to all defendants is not sufficient. When the only proffered justification for improper joinder is that there is no reasonable basis for predicting recovery against the in-state defendant, and that showing is equally dispositive of all defendants rather than to the in-state defendants alone, the requisite showing has not been made.

*Smallwood*, 385 F.3d at 574 (quoting *Chesapeake & O.R. Co. v. Cockrell*, 232 U.S. 146, 153 (1914)).  Here, Defendants' central argument for the dismissal of Defendant Jefferies is common to all Defendants and cannot prevail post-*Smallwood*.

Second, the Court cannot make an *Erie* guess as to the viability of the educational malpractice claim(s) because, in the improper joinder context, the Court must resolve "all ambiguities in the controlling state law . . . in favor of the non-removing party."  *Delgado*, 231 F.3d at 181; *see also Duhon v. Trustmark Bank*, No. Civ. A. 1:06cv718LG, 2007 WL 627889, at *3 (S.D. Miss. Feb. 25, 2007) ("Applying an *Erie* guess to Mississippi substantive law at this stage puts the cart before the horse and is inconsistent with the notion that all ambiguities in the controlling state law are resolved in favor of the plaintiff.").  Defendants concede that Mississippi has not addressed the viability of Plaintiffs' educational malpractice claim(s) but argue that such claims have been rejected by "almost all" courts to have considered them.  Simply put, this is not the time for an *Erie* guess, and the Court must resolve this ambiguity in Plaintiffs' favor.

  C. Joinder of "Virginia College of Jackson"

The parties dispute whether Defendant "Virginia College of Jackson" is a legal entity with its state of incorporation and principal place of business in Mississippi.  Because the Court finds that resident Defendant Jeffries is properly joined, thereby defeating diversity jurisdiction, it is not necessary to determine the legal status of "Virginia College of Jackson."

III.     Conclusion

Having fully considered all arguments presented in Defendants' submissions, the Court finds that Plaintiffs' motions to remand should be and are hereby granted.

**SO ORDERED AND ADJUDGED** this the 7th day of January, 2008.

                                                      s/ *Daniel P. Jordan III*
                                                     UNITED STATES DISTRICT JUDGE